UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M&T BANK,<br>          Plaintiff,<br>    v.<br>PAULA WHITEROCK,<br>          Defendant. | Case No. 15-cv-00914-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING REMAND** |

## I.   INTRODUCTION AND BACKGROUND

Plaintiff M&T Bank brought this unlawful detainer action against Defendant Paula Whiterock in state court on January 28, 2015. Whiterock removed the case to this Court on February 27, 2015, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See generally* Notice of Removal (dkt. 1). M&T Bank has not filed a motion to remand, but asserted in its June 10, 2015 case management statement that the Court lacks subject matter jurisdiction and that the case should be remanded. Case Mgmt. Statement (dkt. 10) ¶ 1. Whiterock failed to appear at the June 22, 2015 case management conference, and the undersigned issued an Order to Show Cause ("OSC") why this action should not be remanded for improper removal and lack of subject matter jurisdiction. *See* OSC (dkt. 13); *see also* June 22 Minute Order (dkt. 12). Whiterock did not respond to the OSC and failed to appear at the show cause hearing on July 10, 2015. *See* July 10 Minute Order (dkt. 14). Whiterock has also failed to respond to repeated notices requesting that Whiterock consent to or decline the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 626(c). *See* dkts. 4, 6−8. For the reasons stated below, the undersigned recommends that this case be REMANDED to the Superior Court of California for the County of Sonoma.

## II.   LEGAL STANDARD

Federal courts have limited subject matter jurisdiction, and may only hear cases falling

1  within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if
2  the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal
3  statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp.*
4  *v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption
5  against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations
6  omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v.*
7  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the
8  burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th
9  Cir. 2004). A district court may remand a case to state court sua sponte if it determines that
10 jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th
11 Cir. 2014).

## III. ANALYSIS

### A. Whiterock May Not Remove Based on Diversity Jurisdiction

Although most cases that could have been filed in federal court may be removed from state court, a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the Notice of Removal asserts only diversity jurisdiction pursuant to 28 U.S.C. § 1332 as a basis for removal, and also asserts that "Defendant, Paula Whiterock is an individual and resident of Santa Rosa, California [and] of Sonoma County, California." Notice of Removal ¶¶ 3, 6. As a citizen of California, Whiterock cannot invoke diversity jurisdiction under § 1332 to remove an action filed in California state court. Removal of this case was therefore improper, and the undersigned recommends that it be remanded on that basis.

### B. Whiterock Has Not Demonstrated Federal Subject Matter Jurisdiction

As the removing party, it is Whiterock's burden to show that removal is proper, including that this Court has subject matter jurisdiction over the case. *See Valdez*, 372 F.3d at 1117. The Notice of Removal asserts that this action falls within the Court's diversity jurisdiction under § 1332, which provides that "district courts shall have original jurisdiction of all civil actions

1  where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

2  costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *see* Notice of Removal

3  ¶ 3.[1]

4        Whiterock has not sufficiently demonstrated that these criteria are satisfied. First, under

5  the heading "Complete Diversity of Citizenship," the Notice of Removal asserts that Whiterock is

6  a resident of California and M&T Bank "is a Corporation doing business in California." Notice of

7  Removal ¶¶ 5−6. Whiterock has not provided any basis to determine whether M&T Bank is a

8  citizen of California, and thus has not met the burden of showing diversity of citizenship. Further,

9  with respect to the amount in controversy, the Notice of Removal includes only the conclusory

10  statement that "[f]rom the face of the Complaint . . . it is apparent the amount in controversy more

11  likely than not exceeds $75,000." *Id.* ¶ 7. Looking at the Complaint itself, however, that is far

12  from apparent. The caption on the first page of the Complaint indicates that the "amount

13  demanded does not exceed $10,000." *See* Notice of Removal at ECF p. 12. The Complaint seeks

14  damages of $44.40 per day beginning October 7, 2014, which adds up to total damages on the

15  order of $12,500 as of the date of the Report—well below the $75,000 required under § 1332. *See*

16  *id.* at ECF p. 13, ¶ 10. Accordingly, even setting aside § 1441(b)(2)'s prohibition of local

17  defendants removing cases based on diversity jurisdiction, the undersigned finds that Whiterock

18  has not met the burden of showing any basis for federal subject matter jurisdiction.

19  **IV.  CONCLUSION**

20        For the reasons stated above, the undersigned recommends that this case be REMANDED

21  to the Superior Court of California for the County of Sonoma. Because not all parties have

22  consented to the jurisdiction of a magistrate judge, this case will be reassigned to a United States

23  district judge for further proceedings, including action on this recommendation. Any party that

24  wishes to file objections to this recommendation may do so within fourteen days of being served

25  with a copy of this Report. *See* 28 U.S.C. § 636(b).

---

[1] Whiterock does not assert federal question jurisdiction under 28 U.S.C. § 1331, and there is no indication that this case raises any federal question. Unlawful detainer is a state law claim. Cal. Civ. Proc. Code § 1161; *see also, e.g.*, *Litton Loan Servicing, L.P. v. Villegas*, C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).

Whiterock, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office.  Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

Dated: July 14, 2015

JOSEPH C. SPERO
Chief Magistrate Judge